IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHRISTINE STRIBLEN**                                                            **PLAINTIFF**

VS.                                                   **CIVIL ACTION NO. 3:06-cv-268 HTW-LRA**

**KANSAS CITY SOUTHERN RAILWAY, GREG
ANDERSON and JOHN DOES I-X**                                     **DEFENDANTS**

## ORDER GRANTING REMAND

Before the court are the following motions: defendant Greg Anderson's motions to dismiss urged under Rule 12(b)(4) and/or (b)(5)[1] [docket ## 4,17], and plaintiff Christine Striblen's motion to amend complaint and remand proceedings to state court [docket # 13] filed pursuant to Title 28 U.S.C. § 1447(e).[2]

### Relevant Facts

Plaintiff, Christine Striblen, a Mississippi citizen, initiated this suit on April 20, 2006, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, seeking an unspecified amount of damages for injuries allegedly received when plaintiff's automobile collided with an oncoming Kansas City Southern Railway train

---

[1] Rule 12 (b) provides: Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (4) insufficiency of process; and (5) insufficiency of service of process . . .

[2] Title 28 U.S.C. § 1447(e) provides: If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

("KCS")[3] at the Westhaven Boulevard crossing in Jackson, Mississippi.

Plaintiff named as defendants:  Anderson,[4] individually;  his employer, defendant KCS;  and defendants John Does "I-X."  Plaintiff claims defendants "failed to keep a proper lookout and failed to sound an adequate signal" thereby causing a serious collision.  On May 16, 2006, the defendants timely removed this litigation to federal court pursuant to Title 28 U.S.C. § 1332,[5] which requires the requisite amount in controversy and complete diversity of the parties in citizenship.

## Motion to Dismiss

On May 19, 2006, defendant Anderson filed his first motion to dismiss for insufficient process and/or insufficient service of process, as prescribed by Rule 12(b)(4) and/or (b)(5) of the Federal Rules of Civil Procedure.  Anderson contends he was never personally served with process.  John Killebrew, a claims agent for KCS, asserts he received the summons and complaint addressed to Anderson.  Anderson claims plaintiff was required to serve process by either delivering a copy of the summons and complaint to him personally;  by leaving a copy of the summons and complaint at his residence;  or mailing a copy of the summons and complaint as

---

[3] Kansas City Southern Railway is a corporation organized and existing under the laws of the State of Missouri, and having its principle place of business in Missouri.

[4] Greg Anderson is an adult resident citizen of the State of Alabama.

[5] Title 28 U.S.C. § 1332 (a) provides: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75, 000, exclusive of interest and costs, and is between - (1) citizens of different States; . . .

provided by Miss. R. Civ. P. 4(d)[6] and 4(c)(3),[7] respectively.

Rule 4(m)[8] provides that if a plaintiff fails to serve the defendant properly within 120 days of filing the complaint, upon motion of the defendant or *sua sponte* by the court with notice to the plaintiff, the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service. To establish "good cause," the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Systems Signs Supplies v. United States Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir.1990) (internal quotations and citation omitted).

Plaintiff claims she served or attempted to serve Anderson directly at KCS's local offices. Alternatively, plaintiff requests additional time to properly serve defendant Anderson at his place of residence or personally serve him once she is given his residential address.

On September 14, 2006, defendant Anderson filed a second motion to dismiss complaint. Therein, defendant alleges that plaintiff has failed to properly serve

---

[6]Miss. R. Civ. P. 4(d) provides: The summons and complaint shall be served together. (1) Upon an individual other than an unmarried infant or a mentally incompetent person, (A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process.

[7]Miss. R. Civ. P. 4(c)(3) provides: A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.

[8]Fed. R. Civ. P 4(m) provides: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Anderson within the 120-day time frame established by Rule 4(m). Plaintiff gained knowledge of Anderson's residential address on July 26, 2006, says defendant, but since has failed to attempt service on Anderson, failed to have a federal summons issued, or even request that service be waived pursuant to Rule 4(d).

Plaintiff does not concede that Anderson was not served properly. Additionally, plaintiff says the status quo should be preserved on defendant's second motion to dismiss until the court has ruled on the previous motion to dismiss.

### Motion to Amend Complaint and Remand

On August 15, 2006, plaintiff filed a motion to amend her complaint to substitute John Doe "I" as Larry Buckley. Buckley's citizenship is that of Mississippi, as such non-diverse to that of plaintiff.

Federal Rules of Civil Procedure15(a) permits appropriate amendments at appropriate times.[9] Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although liberally allowed, such leave to amend is not automatic, but rather "is within the sound discretion of the district court." *Bloom v. Bexar County, Tex.,* 130 F.3d 722, 727 (5th Cir.1997) (citations omitted). In considering whether to allow the amendment to add a non-diverse party whose inclusion would destroy diversity and thereby divest the court of jurisdiction, the district court must consider four factors gleaned from *Hensgens v. Deere & Co.*:

---

[9]Fed. R. Civ. P. 15(a) provides: " . . . a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be granted when justice so requires."

    (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;

    (2) whether plaintiff has been dilatory in asking for amendment;

    (3) whether plaintiff will be significantly injured if amendment is not allowed, and;

    (4) any other factors bearing on the equities.

*Hengsens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987), cert. denied, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989)).

    Plaintiff asserts she did not know Buckley's identity until the pre-discovery disclosures were served on or about July 26, 2006. In addition, the plaintiff asserts Buckley served as conductor of the train crew involved in the subject accident and, as such, is an indispensable party. Defendant KCS maintains "plaintiff's sole purpose [of the motion to amend] is to destroy diversity of citizenship among the parties and obtain a remand of this case to state court."

    Although it is true that most subsequent events will not defeat jurisdiction, the addition of a nondiverse defendant will. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Section 1447(e) allows joinder and remand to state court if, after removal, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction." Title 28 U.S.C. §1447(e).

    The pleadings and memoranda presented before this court are void of any evidence purporting to show plaintiff's sole purpose for adding Buckley to this suit is to defeat this court's subject matter jurisdiction. The court finds that plaintiff has not been dilatory in seeking Buckley's true identity. Plaintiff sought to amend her complaint in

5

accordance with the time limits imposed by the Case Management Order. Furthermore, the court opines that defendants will not be prejudiced by litigating these claims in state court. Currently no statute of limitation issues are present in this case.

## **CONCLUSION**

The court therefore denies defendant Anderson's motions to dismiss and finds that plaintiff should be allowed to amend her complaint to substitute John Doe "I" as Larry Buckley. Having granted plaintiff's motion to amend complaint, which destroys complete diversity jurisdiction, the court further grants plaintiff's motion to remand proceedings to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

SO ORDERED AND ADJUDGED, this the 12th day of March, 2007.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:06-cv-268 HTW-LRA
Order Granting Remand